**Electronically Filed
Supreme Court
SCWC-10-0000123
12-FEB-2014
09:33 AM**

SCWC-10-0000123

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

KAWA SALAS,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-10-0000123; CR. NO. 08-1-0443)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, McKenna and Pollack, JJ.
with Acoba, J., concurring and dissenting separately)

Petitioner/Defendant-Appellant Kawa Salas (Salas)
appeals from the July 3, 2013 Judgment on Appeal of the
Intermediate Court of Appeals (ICA) affirming the Circuit Court
of the Third Circuit's (circuit court) judgment of conviction and
sentence for robbery in the second degree. Pursuant to our prior
decisions in State v. Cordeiro, 99 Hawaiʻi 390, 56 P.3d 692
(2002), and State v. Getz, No. SCWC-12-0000009, __ Hawaiʻi __,
313 P.3d 708 (2013), we hold that the circuit court plainly erred

when it failed to give the jury a specific unanimity instruction.
Because that error was not harmless beyond a reasonable doubt, we
vacate the circuit court and ICA judgments and remand the case
for a new trial.

I.

During a jury trial for first degree robbery, the State
adduced evidence that Salas and two other men allegedly accosted
a group of four complaining witnesses (CWs) at a scenic campsite.
The State alleged that Salas stood in front of the CWs' tents and
shadowboxed in a threatening manner while his co-defendant
demanded money and drugs.  The State also alleged that Salas
verbally threatened the CWs.  In sum, the State's theory of the
case was that Salas had accosted all four of the CWs.

At the close of trial, the jury was given the following
unanimity instruction:

> The law allows the introduction of evidence . . . for the
> purpose of showing that there is more than one act upon
> which proof of an element of an offense may be based.
>
> In order for the prosecution to prove an element, all 12
> jurors must unanimously agree that the same act has been
> proven beyond a reasonable doubt.
>
> . . . .
>
> Your verdict must be unanimous.

This instruction advised the jury that it was required to
unanimously agree upon the specific act that the defendant
committed that constituted the offense charged, or an element

2

thereof.  However, the circuit court did not instruct the jury that it was required to unanimously agree upon the identity of the target of Salas's conduct, and neither side requested such an instruction.  After deliberation, the jury found Salas guilty of robbery in the second degree pursuant to HRS § 708-841.[1]

Salas appealed to the ICA and his conviction was affirmed.  However, his attorney failed to raise the lack of a specific unanimity instruction before the ICA, and again failed to raise the issue in Salas's application for writ of certiorari.  Nonetheless, a defendant's right to a unanimous jury verdict is constitutionally guaranteed, and thus, the failure to give a specific unanimity instruction when one is warranted may be reviewed for plain error.

## II.

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Hawaiʻi Rules of Penal Procedure Rule 52(b)(2008).

---

[1] HRS § 708-841 provided then as it does now:

(1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:

. . . .

(b) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

3

"This court will apply the plain error standard of review to correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Taylor, SCWC-30161, 2013 WL 3967699, at *9 (Haw. Aug. 19, 2013) (internal citations omitted). Plain error may be corrected on appeal unless the record affirmatively reveals that the error was harmless beyond a reasonable doubt. See State v. Miller, 122 Hawaiʻi 92, 100, 223 P.3d 157, 165 (2010).

III.

A defendant's right to a unanimous jury verdict in a criminal prosecution is guaranteed by article 1, sections 5 and 14 of the Hawaiʻi constitution. See State v. Arceo, 84 Hawaiʻi 1, 30, 928 P.2d 843, 872 (1996). For a verdict to be unanimous, "[t]he jury must unanimously find that each material element of the offense has been proven -- the conduct, the attendant circumstances, and the result of the conduct -- as well as the mental state requisite to each element." State v. Jones, 96 Hawaiʻi 161, 169, 29 P.3d 351, 359 (2001). In some circumstances, a specific unanimity instruction is required "to eliminate any ambiguity that might infect the jury's deliberations respecting the particular conduct in which the defendant is accused of engaging and that allegedly constitutes

4

the charged offense." State v. Valentine, 93 Hawaiʻi 199, 208, 998 P.2d 479, 488 (2000). Specifically, a unanimity instruction must be given if "(1) at trial, the prosecution adduces proof of two or more separate and distinct culpable acts; and (2) the prosecution seeks to submit to the jury that only one offense was committed." Id. Thus, when a defendant is charged with a single offense of robbery and the prosecution adduces evidence that the defendant used or threatened to use force against more than one individual, the circuit court is required to instruct the jury that it must agree unanimously as to the person against whom the defendant used or threatened to use force. See Cordeiro, 99 Hawaiʻi at 407-08, 56 P.3d at 709-10.

For example, in Cordeiro, the prosecution introduced evidence that the defendant shot one man, and then pulled his gun on a second man while ordering him to dispose of the first man's body. 99 Hawaiʻi at 400, 56 P.3d at 702. At trial, the prosecution argued to the jury that either of the defendant's acts could support a first degree robbery conviction. Id. at 407, 56 P.3d at 709. After closing arguments, the circuit court instructed the jury that its verdict must be unanimous, but did not instruct the jury that it must unanimously agree on the identity of the person against whom the defendant used force. Id. On these facts, we held that the circuit court plainly erred

5

in failing to give the jury a specific unanimity instruction. Id. at 408, 56 P.3d at 710. Because we could not say that the error was harmless beyond a reasonable doubt, we vacated Cordeiro's robbery conviction. Id.

Likewise, in Getz, the prosecution adduced evidence that the defendant used force against two security guards in an attempt to steal a handbag. __ Hawaiʻi at __, 313 P.3d at 710-11. The State argued to the jury that it could find the defendant guilty of robbery if they unanimously agreed that the defendant had used force against either the first security guard or the second one. Id. at __, 313 P.3d at 712. However, the jury was not instructed that it must unanimously agree upon the identity of the person against whom the defendant used force. Id. We held that the failure to give a specific unanimity instruction prejudiced the defendant's substantial constitutional right to a unanimous jury verdict, and that the error was not harmless beyond a reasonable doubt. Id. at __, 313 P.3d at 716. Accordingly, we applied the plain error doctrine, vacated the defendant's conviction, and remanded for a new trial. Id.

Here, the State charged Salas with one count of robbery. At trial, the State adduced evidence that Salas threatened to use force against a group of four individuals who were sharing a campsite. Based on these facts, the circuit court

6

was required to instruct the jury that it must unanimously agree upon the identity of the person against whom Salas threatened to use force. The circuit court's failure to do so prejudiced Salas's substantial constitutional right to a unanimous jury verdict, and thus, constitutes plain error. Because there is a reasonable possibility that this error might have contributed to Salas's conviction, we cannot say that it was harmless beyond a reasonable doubt.

IV.

For the reasons set forth above, we vacate the ICA's judgment on appeal and the circuit court's judgment and conviction. This case is hereby remanded to the circuit court for further proceedings consistent with this opinion.[2]

DATED: Honolulu, Hawaiʻi, February 12, 2014.

Joy A. San Buenaventura
for petitioner

Darien W.L.C. Nagata
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



---

[2] We acknowledge Justice Acoba's concurring and dissenting opinion, which raises issues surrounding probable cause to support the indictment, probable cause for Salas's arrest, suppression of pretrial identifications, and eyewitness identification instructions. In light of our decision to vacate the conviction and to remand the case for new trial, it is unnecessary for this court to address the merits of these issues. However, we agree with Justice Acoba's observation that "the court must give a specific eyewitness identification instruction on remand." See Concurring and Dissenting Opinion at 19-20.